## IN THE UNITED STATES COURT OF APPEALS
### FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
December 6, 2011

Lyle W. Cayce
Clerk

No. 10-50659
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

EMILIO PABLO SANTOS-ZARATE, also known as Uiliam Montoya-Diaz,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:10-CR-20-1

Before REAVLEY, SMITH, and PRADO, Circuit Judges.

PER CURIAM:[*]

Emilio Pablo Santos-Zarate (Santos) appeals the sentence imposed after he pleaded guilty to illegal reentry following deportation, in violation of 8 U.S.C. § 1326. He asserts that his above-guidelines sentence is unreasonable because U.S.S.G. § 2L1.2 double counted his criminal history by using a prior conviction to increase his offense level and to calculate his criminal history score and because the district court improperly relied on his arrest record and his "sophistication" in committing the underlying offense. Because Santos did not

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

object on these bases in the district court, we review these arguments for plain error. *See United States v. Peltier*, 505 F.3d 389, 391 (5th Cir. 2007).

Santos's double-counting argument is foreclosed because double counting is barred only where it is prohibited by a specific Sentencing Guideline. *See United States v. Calbat*, 266 F.3d 358, 364 (5th Cir. 2001). The Guidelines expressly allow consideration of a prior conviction in both the offense level and the criminal history score. § 2L1.2, comment. (n.6) (Nov. 2009). Santos's argument that the district court improperly relied on his arrest record when imposing an above-guidelines sentence is likewise without merit because even if the district court improperly relied on Santos's arrest record, the record reflects that the district court relied on other permissible factors when imposing his sentence. *See United States v. Williams*, 620 F.3d 483, 496 (5th Cir. 2010), *cert. denied*, 131 S. Ct. 1534 (2011). Thus, Santo cannot establish with reasonable probability that he would have received a lesser sentence but for any error. *See id.*; *see also Peltier*, 505 F.3d at 392. Finally, Santos has not shown that the district court relied on his alleged "sophistication" in committing the underlying offense when sentencing him; thus, he has not established that the district court committed any error, plain or otherwise. *See Peltier*, 505 F.3d at 392. The judgment of the district court is AFFIRMED.